UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Angela D. S., | Case No. 2:23-cv-00888-CDS-NJK |
| Plaintiff | **Order Overruling Plaintiff's Objection and Affirming the Report and Recommendation of the Magistrate Judge** |
| v. | |
| Martin O'Malley, | [ECF Nos. 17, 20, 23, 24] |
| Defendant | |

Plaintiff Angela D. S. filed an objection (Obj., ECF No. 24) to Magistrate Judge Nancy J. Koppe's recommendation (R&R, ECF No. 23) that I deny plaintiff's motion to reverse and remand the decision to deny her appeal (Mot., ECF No. 17), and grant the Social Security Commissioner's cross-motion to affirm the decision (Cross-motion, ECF No. 20). Any response to the objection was due by August 15, 2024. *See* ECF No. 24. To date, no response has been filed. For the reasons set forth herein, the objection is overruled, and Judge Koppe's R&R is affirmed in full.

**I.  Legal standard**

Upon objection to a magistrate judge's report and recommendation, district courts review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1).

Congress has limited the scope of judicial review of a Commissioner's decision to deny benefits under the Social Security Act. Title 42, United States Code, Section 405(g) provides that when reviewing findings of fact, the court must determine whether the decision of the Commissioner is supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc.*

*Sec.*, 740 F.3d 519, 522–23 (9th Cir. 2014) (internal quotation marks and citations omitted). The court must also consider the entire record as a whole to determine whether substantial evidence exists, and it must consider evidence that both supports and undermines the ALJ's decision. *See id.* at 523 (citation omitted). "If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (internal quotation marks and citation omitted). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).

## II. Discussion

Plaintiff objects to Judge Koppe's findings that the document preparer position was not obsolete or that the inclusion of such a position in the total number of jobs was harmless error. ECF No. 24 at 2–5. Plaintiff contends that the magistrate judge's outright rejection of her argument that the document preparer is an obsolete position and determination why it should be included in the ALJ's step five finding lacked analysis or explanation, which deprived plaintiff the opportunity to address her conclusions. *Id.* at 3. Plaintiff also argues that the magistrate judge did not address her evidence that "Job Browser Pro, indicat[es] only 2727 document preparer positions in the state of Nevada which has a population of 3,177,772," *id.* (citing ECF No. 17 at 9).  She further argues that the R&R "engages in a long discussion concerning competing job data evidence which was not an argument posed by plaintiff in her briefing." *Id.* (citing ECF No. 23 at 6). Finally, plaintiff argues that magistrate judge's conclusion that even if document preparer were to be obsolete, a significant number of jobs existed in the national economy aside from that position is a "*post hoc* rationalization of evidence because the ALJ never made a conclusion regarding whether a significant number of jobs existed in the national economy if document preparer was excluded." *Id.* at 4. Plaintiff contends that this makes the R&R flawed and argues that contrary to the recommendation set forth therein, this case should be remanded. *Id.* at 5.

First, the magistrate judge did consider plaintiff's argument that the document preparer was obsolete. ECF No. 23 at 6. The R&R makes clear that the magistrate judge was not persuaded[1] by plaintiff's citations to non-binding case law, and also notes that in *Valdez v. Comm'r*, the argument that the job of document preparer was obsolete was *unopposed*, whereas here, the Commissioner vigorously defended the ALJ's determination that the position was not obsolete. *See generally* ECF No. 23 at 6–7 n. 3. The R&R also addressed that the Ninth Circuit has instructed the court to address whether evidence submitted by a claimant is meritless and immaterial or significantly probative to determine whether the ALJ had a duty to address a conflict in job-number evidence on a "case-by-case basis." *Id.* at 6 (citing *Wischmann v. Kijakazi*, 68 F.4th 498, 506 (9th Cir. 2023)). The magistrate judge further cited to other cases that reached the opposition conclusion to the cases relied upon by the plaintiff, *See* ECF No. 23 at 6–7 (collecting cases), and discussed in detail the competing job data presented—and considered—by the ALJ. *See id.* at 7–10. This is contrary to plaintiff's assertion that the magistrate judge's conclusion that even if document preparer were to be obsolete, a significant number of jobs existed in the national economy aside from that position was a "*post hoc* rationalization of evidence because the ALJ never made a conclusion regarding whether a significant number of jobs existed in the national economy if document preparer was excluded." *See* ECF No. 24 at 3. Indeed, the R&R explained that plaintiff incorrectly asserted that the ALJ failed to address her objections to the Vocational Expert's (VE) Vocational Interrogatory, explaining that the ALJ found that the VE's responses, to include the number of document preparer jobs that existed in the national economy, "conform[ed] to the rules and regulations" of the SSA. *Id.* at 7 (citing Administrative Record (A.R.) 25). The R&R also explained that plaintiff did not attempt to replicate the VE's methodology in reaching their job data conclusion. *Id.* While the methodology was not disclosed, the ALJ advised plaintiff she had the opportunity to submit further written questions on the issue, or to request supplemental hearing on the issue. *id.* Plaintiff failed to take

---

[1] The magistrate judge found that the Commissioner presented "better arguments." ECF No. 23 at 4.

up the ALJ's offer. *Id.* at 8. The R&R also explained that plaintiff failed to identify any expertise in calculating job data, noting "that counsel attempted to adjust the numbers (though he calculated incorrectly) based on plaintiff's sedentary exertion level." *Id.* (citing A.R. 341).

Ultimately, Judge Koppe found that the plaintiff's job data was "speculative" and "insufficient," citing to numerous cases where courts rejected the same interpretation of job data proffered by the plaintiff. *Id.* at 9. Moreover, Judge Koppe found that the ALJ: (1) did address the issue of whether the VE had identified significant numbers of jobs in the national economy that plaintiff could perform, (2) found plaintiff's submission of competing job numbers was "flawed", (3) found that there was no conflict between the VE's interrogatory responses and the Dictionary of Occupational Titles (DOT), and (4) concluded, based on the testimony of the VE, that plaintiff could make a "successful adjustment to other work that exists in significant numbers in the national economy," noting that the VE identified 44,0000 possible jobs for the plaintiff. R&R at 9 (citing A.R. 25-26).

Further, the magistrate judge is not required to explicitly acknowledge and discuss every one of plaintiff's arguments to have properly resolve the issues before the court. *See MacIntyre v. Supreme Court of Colo.*, 2023 U.S. Dist. LEXIS 111694, at *9 (D. Colo. June 28, 2023); *see also Salinas v. City of San Jose*, 2011 WL 3739555, at *3 (N.D. Cal. Aug. 23, 2011) ("[T]he fact [that] the court did not address every point or every case cited by [defendant] … does not equate to a failure to consider dispositive arguments …."); *Dade v. Wands*, 2012 WL 1207150, at *1 (D. Colo. Apr. 11, 2012) ("There is no requirement for a court to specifically address each and every argument raised by a party in papers filed with the Court."); *Gillani Consulting v. Ferguson Enters.*, 2008 U.S. Dist. LEXIS 139367, at *6 (N.D. Tex. Nov. 10, 2008) (The Court finding that the magistrate judge considered the strength of defendant's motion to dismiss, and did not commit error by not addressing each and every argument raised in defendant's motion to dismiss in its order denying defendant's motion to stay); *Fraim v. Chilly Dil Consulting, Inc.*, 2022 U.S. Dist. LEXIS 148650, at *4

(M.D.N.C. Aug. 19, 2022) ("A court is not required to discuss every case cited by a party or explain in detail why each point raised by a losing party is incorrect.").

Ultimately, Judge Koppe found there was substantial evidence to support the ALJ's determination that plaintiff was not disabled. After reviewing the R&R, and the objections thereto, I agree. The R&R is thorough, well-reasoned, and contains no clear error. My review finds that the Commissioner was substantially justified in its defense of the Commissioner's final decision. Accordingly, plaintiff's objections to the R&R are overruled and the R&R is adopted in full.

### IV. Conclusion

IT IS ORDERED that Judge Koppe's report and recommendation [ECF No. 23] is **ACCEPTED and ADOPTED in full.**

IT IS FURTHER ORDERED that plaintiff's objection to the R&R [ECF No. 24] is **OVERRULED.**

IT IS FURTHER ORDERED that plaintiff's motion to remand **[ECF No. 17] is DENIED.**

IT IS FURTHER ORDERED that defendant's cross-motion to affirm the agency decision **[ECF No. 20] is GRANTED.**

The Clerk of the Court is kindly directly to enter judgment accordingly and to close this case.

Dated: September 20, 2024

_____
Cristina D. Silva
United States District Judge